**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS LOPEZ MARROQUIN, AKA Luis
Rolando Ruano-Lopez,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-71049

Agency No. A097-812-715

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Luis Lopez-Marroquin, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his asylum, withholding of removal, and United

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Nations Convention Against Torture (CAT) claims. We dismiss in part, and deny in part, Marroquin's petition for review.

As a preliminary matter, we lack jurisdiction to consider Marroquin's Due Process arguments. Marroquin's notice of appeal, which states only that he does not agree with the IJ's decision, did not "put the BIA on notice" that he alleged Due Process violations. *Ren v. Holder*, 648 F.3d 1079, 1083–84 (9th Cir. 2011) (noting that "general contentions" will only "suffice as long as they 'put the BIA on notice' of the contested issues" ). Marroquin has thus not exhausted his Due Process claims, as he is required to do. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004).

Turning to the merits, we agree with the BIA that Marroquin has failed to meet his burden of proving that the Guatemalan government consented or acquiesced to the violent acts directed towards Marroquin's family. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, No. 09-71461, 2014 WL 555138, at *6 (9th Cir. Feb. 13, 2014). "Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other

2

inability or unwillingness to oppose criminal organizations." *Id.* Here, the only evidence in the record regarding government acquiescence is Marroquin's statement that the police in his town do not do anything. This is not sufficient to establish government acquiescence to torture.

The BIA also correctly concluded that Marroquin failed to establish a nexus between his membership in a protected class and his alleged persecution. Marroquin did not offer any evidence suggesting that his family is being targeted for any reason other than their perceived wealth. Indeed, Marroquin offers no evidence that his family suffers threats that are more or less severe than threats leveled at other wealthy Guatemalan families. Accordingly, he is not being targeted "on account of" his family, but rather "on account of" his wealth. However, "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); s*ee also Sicaju-Diaz v. Holder*, 663 F.3d 1, 3–4 (1st Cir. 2011) (rejecting argument that "family returning to Guatemala after a lengthy residence in the United States" constituted a social group because "nothing indicates that in Guatemala individuals perceived to be wealthy are persecuted because they belong to a social class or group. In a poorly policed country, rich and poor are all prey to criminals who care

about nothing more than taking it for themselves."); *In re V--- T--- S---*, 21 I. & N. Dec. 792, 799 (BIA 1997) (holding that kidnaping motivated by money is not persecution on account of a protected ground). Accordingly, Marroquin has not established a nexus between his membership in a protected class and the persecution that he alleges.

**PETITION DISMISSED IN PART AND DENIED IN PART.**